
FILED
FEB 0 5 2026
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

Vernon L. Gipson,
Plaintiff,

v.

Freedom Mortgage Corporation,
Defendant.

Case No.: 1:26-CV-29
(Jury Trial Demanded)

---

# COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

(15 U.S.C. § 1681 et seq.)

---

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this action arises under the Fair Credit Reporting Act ("FCRA").
2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and the events giving rise to these claims occurred, in substantial part, within this District.

---

## II. PARTIES

3. Plaintiff **Vernon L. Gipson** is a natural person residing in Tennessee and is a "consumer" as defined by 15 U.S.C. § 1681a(c).
4. Defendant **Freedom Mortgage Corporation ("FMC")** is a mortgage servicer and a "furnisher of information" as defined by 15 U.S.C. § 1681s-2, engaged in interstate commerce and subject to the requirements of the FCRA.

---

## III. FACTUAL ALLEGATIONS

5. Plaintiff maintained a mortgage account serviced by Defendant.

6. In or around **April 2025, Defendant furnished information to consumer reporting agencies indicating that Plaintiff's mortgage account was delinquent.**

7. Defendant's reporting was **factually inaccurate and internally inconsistent, including but not limited to reporting delinquency statuses that conflicted with the timing and coding requirements applicable to consumer credit reporting.**

---

### CRA DISPUTES AND STATUTORY NOTICE (PROCEDURAL TRIGGER)

8. **On or about June–July 2025, Plaintiff submitted written disputes to Equifax, Experian, and TransUnion regarding Defendant's reporting of the mortgage account.**

9. Each consumer reporting agency accepted the dispute, initiated a reinvestigation, and completed that reinvestigation, as reflected in written correspondence sent to Plaintiff.

10. Upon receipt of Plaintiff's disputes, and pursuant to **15 U.S.C. § 1681i(a)(2), each consumer reporting agency notified Defendant of the disputed information and forwarded the dispute for investigation.**

11. The reinvestigations conducted by the consumer reporting agencies were completed **prior to July 23, 2025, thereby confirming that Defendant received statutory notice before the continued reporting complained of herein.**

---

### DEFENDANT'S POST-NOTICE FAILURES

12. After receiving notice of the disputes from the consumer reporting agencies, Defendant failed to conduct a reasonable investigation.

13. Defendant failed to review all relevant information provided by the consumer reporting agencies.

14. Defendant failed to correct, delete, or modify the inaccurate information.

15. Defendant continued to report inaccurate delinquency information **after receiving statutory notice.**

---

### CONCRETE HARM

16. Defendant's inaccurate reporting was disseminated to third parties

through consumer reporting agencies.

17. As a direct and proximate result of Defendant's conduct, Plaintiff suffered **concrete and particularized harm, including suppression of credit scores, impairment of access to credit and business financing, increased cost of credit, emotional distress, reputational harm, and out-of-pocket expenses.**

---

## IV. CAUSES OF ACTION

### COUNT I – Violation of 15 U.S.C. § 1681s-2(b)

18. Plaintiff incorporates all preceding paragraphs.
19. Defendant failed to comply with its duties under **15 U.S.C. § 1681s-2(b) after receiving notice of Plaintiff's disputes.**

---

### COUNT II – Willful Noncompliance (15 U.S.C. § 1681n)

20. Defendant knowingly or recklessly disregarded its statutory obligations.

---

### COUNT III – Negligent Noncompliance (15 U.S.C. § 1681o)

21. In the alternative, Defendant negligently failed to comply with the FCRA.

---

## V. PRAYER FOR RELIEF

**Plaintiff respectfully requests that the Court grant all appropriate relief available under the FCRA, including damages, costs, attorney's fees, and corrective injunctive relief.**

---

## VI. JURY DEMAND

**Plaintiff demands a trial by jury on all issues so triable.**

---

Respectfully submitted,

*Vernon L. Gipson* (signature)

Vernon L. Gipson
Plaintiff, Pro Se
5354 Deer Trail
McDonald, TN 37353
Telephone: 423-596-1571
Email: Ava14grace@gmail.com

DATED: February 5, 2026